UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY E. CAHILL                                                                                      PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:04-CV-463-S

THE NATIONAL CARE NETWORK                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Timothy E. Cahill ("Cahill"), for partial summary judgment (DN 11). Cahill seeks partial summary judgment awarding him $96,888.50 for the minimum bonus he allegedly earned from the defendant, The National Care Network ("NCN"), in 2003.

This action arises from a dispute regarding the payment of commissions and bonus money allegedly earned by Cahill. Cahill alleges that NCN made him a written offer of employment on October 31, 2002, which he accepted when he began work with NCN on January 6, 2003. Under the terms of the alleged employment contract Cahill was entitled to commissions for sales that he was directly responsible for and bonuses based on NCN revenue. Cahill further asserts that he earned commissions and bonuses in the amount of $96,888.50 in 2003 that NCN failed to pay.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). "To preclude summary judgment, the nonmoving party must present evidence, beyond his pleadings and his own conclusory statements, to establish the existence of specific triable facts." *Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir. 1996). We conclude that

- 2 -

Cahill has shown that there are no genuine issues of fact regarding the minimum bonus wages he earned in 2003, and that those wages were not paid.

Cahill's Amended Complaint realleges and incorporates by reference all allegations and claims contained in the Complaint, including the allegation that "Cahill earned bonus wages in 2003 in the amount of $96,888.50 based on collected revenue." (Compl. para. 8). NCN answered the complaint and responded to this allegation by admitting that "Cahill's bonus for 2003 was $96,888.50...." (Answer para. 8). Furthermore, the factual allegation contained in Cahill's affidavit that "NCN owed [Cahill] a bonus of $96,888.50," and that the "bonus would not be paid because NCN believed it had overpaid the override commissions due under [Cahill's] contract," has not been denied. Therefore, we find that the issue of whether Cahill was entitled to a bonus of $96,888.50 for 2003, and that this bonus was not paid by NCN is not in dispute.

Motions having been made and for the reasons set forth hereinabove, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff for partial summary judgment (DN 11) is **GRANTED**, to the extent that this court finds that Cahill earned a bonus of $96,888.50 for 2003, and that this bonus was not paid by NCN. This is not a final judgment.